IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **DAVE AND ANGELA SMOTHERMON** § | | |
| § | | |
| **VS.** § | **CIVIL ACTION NO._____** | |
| § | | |
| **UNITED PROPERTY & CASUALTY** § | | |
| **INSURANCE COMPANY AND** § | | |
| **JAMAL HOLMES** § | **JURY DEMANDED** | |

# NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Please take notice that, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, UNITED PROPERTY & CASUALTY INSURANCE COMPANY ("UPC"), a Defendant herein, removes to this Court the state court action pending in the 165th Judicial District Court of Harris County, Texas invoking this Court's diversity jurisdiction, on the grounds explained below.

## I.   BASIS FOR REMOVAL

1. On October 8, 2019, Plaintiffs, Dave and Angela Smothermon ("Plaintiffs"), filed suit in Harris County against the Defendants. The suit was assigned to the 165th Judicial District Court of Harris County, Texas, styled Cause No. 2019-74126; *Dave and Angela Smothermon v. United Property & Casualty Insurance Company and Jamal Holmes* (the "State Court Action"). *See* Plaintiffs' Original Petition, incorporated herein under **Exhibit B**. Defendant, UPC, was served/received notice of this lawsuit on October 16, 2019. Defendant, Jamal Holmes ("Holmes") has not been formally served/received notice of this lawsuit at this time. As required by 28 U.S.C. § 1446(b), this Notice of Removal is timely filed by UPC within thirty (30) days following receipt by Defendant of the initial pleadings.

4835-9510-9292.1

2. Removal of this action is proper because this Court has original diversity jurisdiction under 28 U.S.C. § 1332 and the action is one that may be removed by UPC pursuant to 28 U.S.C. § 1441(b); specifically, this is a civil action wherein the matter in controversy exceeds the sum of $75,000.00, exclusive of interests and costs, and the proper parties are diverse.

**A.   THE PARTIES ARE OF DIVERSE CITIZENSHIP**

3. Upon information and belief, and based on the allegations set forth in Plaintiffs' Original Petition, Plaintiffs are citizens of Texas, and reside in and own residential property in Harris County, Texas.

4. UPC is not a citizen of Texas. UPC is a foreign organization incorporated pursuant to the laws of the State of Florida and has its principle place of business in Florida. Accordingly, Defendant UPC is of diverse citizenship to Plaintiffs.

5. Defendant Holmes is alleged by Plaintiff to be a citizen of the State of Nevada. Based upon information and belief, Holmes is either a citizen of the State of Nevada or a citizen of the State of Georgia. With respect to the claims against Holmes, however, it is UPC's position that he has been improperly joined in this action and that he is not a proper party. Therefore, as explained below, the Court should note Holmes' citizenship for the purposes of affirming diversity jurisdiction but, also, Plaintiffs joined Holmes and improperly allege that, as an alleged Nevada citizen, Holmes has subjected himself to the jurisdiction of Texas as a sham, solely to defeat diversity jurisdiction.

   **i.   *Jamal Holmes Has Been Fraudulently Joined as a Sham Defendant***

6. Plaintiffs' decision to sue Holmes in this matter is an abusive tactic aimed solely at manipulating the forum and depriving UPC of its Constitutionally-created right to have this dispute adjudicated in federal court.

The assertions in the Petition, at most, establish that Holmes was a licensed insurance adjuster who, on behalf of his employer, had done business in the State of Texas. The Petition fails to allege or assert any particularly identified act or conduct or statement or representation made by Holmes while in Texas. Holmes provided to Plaintiffs an estimate of the damages. Plaintiffs' alleged disagreement with the amount of the UPC estimate does not give rise to a viable claim against Holmes under the Insurance Code or any other statute, and Plaintiffs have not plead facts that could demonstrate any reasonable basis for recovery against Holmes. Additionally, as Plaintiffs allege and contend, Holmes is not a citizen of the State of Texas. Accordingly, Holmes has been improperly joined.

### ii. *Fraudulent Joinder Standard*

7. Pursuant to 28 U.S.C. § 1441(b), an action shall be "removable…if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought." A defendant named in the state court action may be disregarded when the party was joined fraudulently to defeat diversity jurisdiction. *See Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256 (5th Cir. 1995); *Griggs v. State Farm Lloyds*, 181 F.3d 694 (1999). In any case involving an improperly or fraudulently joined party, written consent for removal of the improperly or fraudulently joined party is not required. *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993); 28 U.S.C. § 1446(b)(2)(A). A removing party alleging jurisdiction on the basis of fraudulent joinder must prove the existence of fraud. *Jernigan* 989 F.2d at 815. To prove fraud, UPC "must show either that (1) there is no possibility that Plaintiffs will be able to establish a cause of action against Holmes in state court; or that (2) there has been outright fraud in Plaintiffs' pleadings of jurisdictional facts." *Id*. In determining whether a party was fraudulently joined, courts must "resolve any contested issues of material fact, and any ambiguity or uncertainty in the controlling

state law, in the non-movant's favor." *Griggs*, 181 F.3d at 699. The proceeding is "similar to that used on a motion for summary judgment under Rule 56(b)." *Id*. The petition filed in state court controls the inquiry, thus any post-removal filing may not be considered when or to the extent such filing presents new causes of action or theories. *See Cavallini,* 44 F.3d at 264.

8. Further, "fraudulent joinder claims can be resolved by 'piercing the pleadings' and considering summary judgement-type evidence such as affidavits and deposition testimony." *Cavallini* 44 F.3d at 263. *See also Sohmer v. American Medical Security, Inc.*, No. 3:02-CV-1680, 2002 WL 31323763, *2 (N.D. Tex. Oct. 15, 2002) ("court may pierce the pleadings and look at additional evidence regarding the alleged state law claim only to causes of action asserted in the petition at the time of removal"). "A court should not, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts to support his claims against the non-diverse defendant." *Walden v. American General Life*, 244 F.Supp.2d 689, 692 (S.D. Miss. 2003). While the burden of establishing fraudulent joinder is heavy, the Fifth Circuit has never held that a "particular plaintiff might possibly establish liability by the mere hypothetical possibility that such an action could exist." *Griggs*, 181 F.3d at 701.

9. UPC notes and asserts alternative arguments in furtherance of fraudulent joinder. First, UPC notes that, in their Original Petition, Plaintiffs note Holmes' principle place of business is in Nevada. Plaintiffs contend that Texas State courts have personal jurisdiction over Holmes "because Mr. Holmes, at all times relevant to this cause, was engaged in the business of adjusting insurance claims in the State of Texas and Plaintiffs' causes of action arise out of his business activities in this State." Plaintiffs do not allege and do not assert that Holmes is a resident or citizen of the State of Texas. Plaintiffs did not obtain citation or service upon the alleged Nevada-based Holmes.

4835-9510-9292.1

10. A non-resident employee is protected from the exercise of jurisdiction of a forum state when all of the individual's contacts with the forum state were made on behalf of his employer. *Atiq v. CoTechno Group, Inc.,* No. 03-13-00762-CV, 2015 Tex. App. LEXIS 7023 at *11 (Tex. App. – Austin 2015, no pet.); *Tabacinic v. Frazier*, 372 S.W.3d 658, 668 (Tex. App. – Dallas 2012, no pet.); *Morris v. Kohls-York*, 164 S.W.3d 686, 698 (Tex. App. – Austin 2005, pet. dism'd); *Wright v. Sage Engineering, Inc.,* 137 S.W.3d 238, 250 (Tex. App. – Houston [1st Dist.] 2004, pet. den'd). This fiduciary-shield doctrine applies to both general and specific jurisdiction. *Stull v. Laplant*, 411 S.W.3d 129, 138 (Tex. App. – Dallas 2013, no pet.). *See also*, *Atiq*, 2015 Tex. App. LEXIS 7023 at *11, fn. 2.

11. Plaintiffs contend that Holmes is out of Nevada. Plaintiffs' only jurisdictional claims against Holmes derive from his activities as an adjuster on behalf of UPC. The fiduciary-shield doctrine preempts the exercise jurisdiction over Holmes. And, in a tacit admission of their jurisdictional deficiencies, Plaintiffs fail to seek citation or service upon Holmes. Accordingly, Plaintiffs' factual allegations and efforts to impose Texas jurisdiction over Holmes, whom they have not sought service, may only be characterized as fraudulent in an effort to deprive UPC of its rights of federal court diversity jurisdiction.

12. Alternatively, UPC posits that, as a matter of law, Plaintiffs have not alleged a valid state-law cause of action against Holmes. *Griggs*, 181 F.3d at 701. The Fifth Circuit has clarified that the "federal pleading sufficiency standard applies to analyzing improper joinder." *Lopez v. Allstate Vehicle and Property Insurance Company*, No. 4:17-CV-00103, 2017 WL 1233831, at * 3 (E.D. Tex. Apr. 4, 2017). Therefore, "if a plaintiff can survive a Rule 12(b)(6)-type challenge, there is generally no proper joinder" *Id.* at *2 (quoting *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 309 (5th Cir. 2005). Threadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).[1]

### iii. *The Factual Allegations in Plaintiffs' Original Petition Provide No Reasonable Basis to Predict Plaintiffs Could Recover Against Holmes*

13. Plaintiffs' Original Petition fails to articulate how the conduct of Holmes constitutes a plausible cause of action against him. *See McClelland v. Chubb Lloyd's Ins. Co. of Tex., et al.*, No. 5:16-cv-00108, 2016 WL 5791206, at *3 (W.D. Tex. Sep. 30, 3016) ("Plaintiff has failed to allege, however, that defendant Pritchard had authority to settle plaintiffs' claim, and therefore cannot establish this cause of action against defendant Pritchard"). Plaintiffs' generic allegations asserting statutory criteria in the absence of any facts specific to Holmes fails to provide any facts capable of stating a plausible claim against Holmes under Federal pleading standards.[2]

14. "[M]erely lumping diverse and non-diverse defendants together in undifferentiated liability averments of a petition does not satisfy the requirements to state specific actionable conduct against the non-diverse defendant." *Plascencia v. State Farm Lloyds and Feliciano Gallegos*, No. 4:14-cv-524-A, 2014 WL 11474841, at *5 (N.D. Tex. Sep. 25, 2014) (citing *Studer v. State Farm Lloyds*, No. 4:13-cv-413, 2014 WL 234352, at *4 (E.D. Tex. Jan. 21, 2014). Accordingly, the Court should give no effect to Plaintiffs' generic global allegations directed collectively toward both Defendants, and should conclude that such allegations fail to state an actionable claim with respect to Holmes and that Plaintiffs' recitals of elements of a statutory cause of action in the absence of any factual assertions and do not support his joinder as a defendant in this case.

---

[1] *See also Waters v. State Farm Mut. Auto. Ins. Co.*, 158 F.R.D. 107, 108 (S.D. Tex. 1994) (citing *Jewel v. City of Covington*, 425 F.2d 459, 460 (5th Cir. 1970). *See also*, *Sohmer*, 2002 WL 31323763 at *3 (holding that the plaintiff's petition, which plead nothing more than that an agent made a general statement about the policy's coverage, was wholly devoid of any allegations supporting a cause of action for misrepresentation upon which the plaintiffs could recover.); *Walden*, 244 F.Supp.2d at 692 ("removal is not precluded merely because the state court complaint, on its face, sets forth a state law claim against a non-diverse defendant").

[2] *See* Plaintiffs' Original Petition.

15. In their Original Petition, Plaintiffs contend that Holmes "failed to perform a reasonable or adequate investigation of Plaintiffs' Claim or adjustment of Plaintiffs' loss. . . . . Holmes either completely missed or simply ignored damages that were present at the time of his inspection and which were clearly attributable to Hurricane Harvey's. . . he neither adjusted for, nor included, the full scope of Plaintiffs' roof damage and neglected to note, much less address, multiple rooms in the Property." Further Plaintiffs allege that the estimate "failed to include, and failed to account for the significant, covered, damages to the roof and the roof's framing system. . . . fails to include the damages sustained to the terrace roof, furnace vent, chimney and other exterior components of the Property. . . . fails to accurately document the amount of damage done to the interior of the family room, hallway and garage of the Property."[3]

16. Like the allegations against Holmes set forth in Plaintiffs' Original Petition, the only specific allegations against adjuster-defendant Gallegos in *Plascencia* were as follows:

> Defendant Gallegos improperly adjusted the Plaintiff's claim. Defendant Gallegos conducted a substandard inspection, which is evidenced in his report, which failed to include many of Plaintiff's damages. His estimate did not allow adequate funds to cover repairs to restore Plaintiff's home. Without limitation, Gallegos misrepresented the cause of, scope of, and cost to repair the damage to Plaintiff's Property, as well as the amount of and insurance coverage for Plaintiff's claim/loss under Plaintiff's insurance policy. Gallegos made these and other misrepresentations to Plaintiff as well as to State Farm. Plaintiff and State Farm both relied on Gallegos's misrepresentations, including but not limited those regarding the cause of, scope of, and cost to repair the damage to Plaintiff's Property, and Plaintiff has been damaged as a result of such reliance. Gallegos's misrepresentations caused State Farm to underpay Plaintiff on his insurance claim and, as such, Plaintiff has not been able to properly and completely repair the damages to Plaintiff's property. This has caused additional, further damage to Plaintiff's property.[4]

The court in *Plascencia* found these allegations to be merely conclusory and lacked the factual specificity "that would plausibly lead to the conclusion that plaintiff suffered any damage by reason

---

[3] *Id.* at ¶¶ 16-18,
[4] *Id.*

of Gallegos's conduct." *Id*. at *6. In reaching this conclusion, the court noted that it was the defendant-insurer, rather than adjuster, "that would have made the decision as to whether to pay, and what to pay, the plaintiff," and "notwithstanding plaintiff's boilerplate allegations against [the adjuster], plaintiff's focus, and true complaint, has to do with [the insurer's] failure to pay plaintiff what plaintiff says he should receive under the terms of his insurance policy." *Id*. (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999)).

17.  Here, the "factual" allegations against Holmes are nearly identical and equally conclusory, and they do not support the causes of action asserted against him for violations of Chapter 541 of the Texas Insurance Code. Specifically, Plaintiffs assert that Holmes violated Insurance Code Sections 541.060(a)(1) for "misrepresenting to Plaintiffs material facts relating to the loss and to the coverage at issue;" 541.060(a)(2)(A) for "failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the Claim, even though liability under the Policy is reasonably clear;" 541.060(a)(3) for "failing to provide Plaintiffs promptly with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiffs' Claim;" 541.060(a)(4) for "failing within a reasonable time to affirm or deny coverage of the Claim, or to submit a reservation of rights to Plaintiffs;" and 541.060(a)(7) for "refusing to conduct a reasonable investigation of Plaintiffs' Claim."[5]

18.  Plaintiffs' 541.060(a)(1) claim fails as a matter of law. "The misrepresentation must be about the details of a policy, not the facts giving rise to a claim for coverage." *Rockbrook*, 2016 WL 8674683, at *3 (quoting *One Way Invs., Inc. v. Century Sur. Co.*, 2014 WL 6991277, at *4 (N.D. Tex. Dec. 11, 2014) (Fitzwater, J.)).  Holmes' alleged misrepresentation, which is about the

---

[5] *See* Plaintiffs' Original Petition, at ¶¶ 32-38.

amount of damage, if any, caused by wind and/or rain, does not relate to the coverage at issue. Plaintiffs' 541.060(a)(2)(A) claim fails as well because Holmes, as an adjuster, has no settlement authority and therefore cannot be liable under § 541.060(a)(2)(A). *See Rockbrook Realty Ltd. v. Travelers Lloyds Ins. Co.,* No. 3:16-cv-2376-D, 2016 WL 8674683, at *3 (N.D. Tex. Nov. 18, 2016). Similarly, Plaintiffs' 541.060(a)(3) and 541.060(a)(4) claims fail as well. "[A]n adjuster cannot be held liable under [541.060(a)(4)(A)] because an adjuster does not have authority on behalf of the insurer to affirm or deny coverage of a claim to a policyholder." *Mainali Corp. v. Covington Specialty Ins. Co.*, 2015 WL 5098047, at *4 (N.D. Tex. Aug. 31, 2015) (Fitzwater, J.) (second alteration in original) (quoting *One Way*, 2014 WL 6991277, at *5). Likewise, "an adjuster cannot be held liable under 541.060(a)(3) because an adjuster has no obligation to provide a policyholder a reasonable explanation of the basis in the policy for the insurer's denial of a claim, or offer of a compromise settlement of a claim." *Id.* Finally, Plaintiffs' 541.060(a)(7) claims fail because, like 541.060(a)(2), "the bad behavior that the statute targets is an insurer's refusal to pay under certain circumstances…not the individual responsible for conducting the investigation." *2223 Lombardy Warehouse, LLC v. Mount Vernon Fire Insurance Company*, No. 3:17-CV-2795-D, 2019 WL 1583558, at * (citing *Rockbrook*, 2016 WL 8674683, at *4 (alteration in original) (quoting *One Way*, 2014 WL 6991277, at *4).

19. As such, Plaintiffs' Original Petition fails to establish a plausible right to recovery against Holmes. Accordingly, Holmes was improperly joined and should be dismissed from this suit. *Id.*; *see also Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co.*, No. 4:09-cv-165-A, 2009 WL 1437837, at *4 (N.D. Tex. May 22, 2009) (finding factual allegations against an individual adjuster were insufficient); *Jones v. Allstate Ins. Co.*, No. 3:13-cv-4027-BN, 2014 WL 415951 (N.D. Tex. Feb. 4, 2014) (finding improper joinder because "simply stating that 'Defendants' made

misrepresentations, failed to comply with the law, or refused to perform a duty under the law is not sufficient"); *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 3:13-CV-4101-P, 2014 WL 1347872 (N.D. Tex. Apr. 7, 2014) (allegations of misrepresentations about the facts giving rise to a claim were not sufficient to state claim for violations of the Texas Insurance Code).

**B.     THE AMOUNT IN CONTROVERSY EXCEEDS THE JURISDICTIONAL REQUIREMENTS**

20.     The amount in controversy exceeds $75,000.00 as required by 28 U.S.C. § 1332 (a). Plaintiffs' Original Petition recites that they are seeking actual damages, statutory damages including penalty interest, mental anguish damages, treble damages, exemplary damages and attorney's fees for breach of contract, violations of Chapters 541 and 542 of the Texas Insurance Code, breach of the duty of good faith and fair dealing, relating to the Defendants' alleged failure to properly adjust the claim for Plaintiffs' alleged property damage.  Further, Plaintiffs' Petition states Plaintiffs are seeking no less than $100,000.00 but no more than $200,000.00 for their damages.  Thus, Plaintiffs' Petition shows on its face that Plaintiffs' claims are in excess of $75,000.00.  *See* Plaintiffs' Original Petition incorporated herein under **Exhibit B**.

## II.     EXHIBIT INDEX

**Exhibit A**     Index of Matters Being Filed

**Exhibit B**     Certified Copies of State Court Filings

**Exhibit C**     List of all Counsel of Record

**Exhibit D**     Civil Cover Sheet

## III.     THE REMOVAL IS PROCEDURALLY CORRECT

21.     All parties who have been properly joined or served with Summons consent to the removal of this case to Federal Court.

22.     Venue is proper in this District because the district and division embrace the place where the removal action has been pending.

23.     UPC will promptly provide written notice of the filing of this Notice of Removal to all parties and to the clerk of the 165th Judicial District Court of Harris County, Texas.

DATE: November 15, 2019

Respectfully submitted,

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: */s/ Sarah R. Smith*
Sarah R. Smith
Texas State Bar No. 24056346
USDC-SD Texas No. 1196616
Suzanne A. Schlicher
Texas State Bar No. 02601800
USDC-SD Texas No. 15040
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
Telephone: 713.659.6767
Facsimile: 713.759.6830
sarah.smith@lewisbrisbois.com
suzanne.schlicher@lewisbrisbois.com

ATTORNEYS FOR DEFENDANT,
UNITED PROPERTY & CASUALTY
INSURANCE COMPANY

## **CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure, I hereby certify that a true and correct copy of the foregoing instrument has been delivered to all interested parties on November 15, 2019, via e-filing addressed to:

Andrew C. Cook                                             *Via E-serve*
THE COOK LAW FIRM, PLLC
7324 Southwest Freeway, Suite 585
Houston, TX 77074
acc@texasinsurancelaw.com

Sean H. McCarthy
WILLIAMS HART BOUNDAS & EASTERBY, LLP
8441 Gulf Freeway, Suite 600
Houston, TX 77017
smccarthy@whlaw.com

*Attorneys for Plaintiffs*

                                                    */s/ Sarah R. Smith*
                                                  Sarah R. Smith